JOURNAL ENTRY AND OPINION
This is an appeal from a criminal sentence imposed by Judge Janet R. Burnside, after Michael Zimmerman pleaded guilty to one count of rape and two counts of gross sexual imposition. Zimmerman claims the judge erroneously imposed the maximum prison sentence for the rape charge without first considering imposition of the minimum term, and failed to adequately state her reasons for imposing consecutive sentences. We vacate and remand for resentencing.
On June 29, 2000, then thirty-one-year-old Zimmerman was indicted on two counts of rape, R.C. 2907.02, two counts of sexual battery, R.C.2907.03, four counts of gross sexual imposition, R.C. 2907.05, and one count of kidnaping, R.C. 2905.01, resulting from a June 23, 2000 incident involving his thirteen-year-old daughter. The charges included specifications alleging he was a sexually violent predator, R.C. 2971.01(I), and that he committed the kidnaping with a sexual motivation, R.C.2971.01(K).
On August 18, 2000, Zimmerman moved for appointment of a psychiatric expert at state expense, claiming that he had a lengthy history of psychiatric illness going back to his childhood and that the expert was necessary to assess his condition and advise his lawyers about defenses. The judge denied the motion on the grounds that the State intended to dismiss the sexually violent predator and sexual motivation specifications.
On November 7, 2000, Zimmerman pleaded guilty to one count of rape and two counts of gross sexual imposition, amended to delete the sexually violent predator specifications, and the State nolled the remaining seven counts and specifications of the indictment. At the plea hearing, Zimmerman informed the judge that he had been diagnosed with a chemical imbalance at age seventeen, and that he had blackouts. He had been treated with lithium until 1993 when it was discontinued and his mental illness or condition went untreated from then until his arrest in this case. While in custody at the county jail, he was given diazepam (a.k.a. Valium) for depression and suicidal ideation and was on that medication at the plea hearing. The judge accepted his plea, ordered a presentence report, and scheduled a November 28, 2000 hearing for sentencing and sexual predator determination.
After the hearing, the judge found that Zimmerman was not a sexual predator, and sentenced him to the maximum prison term of ten years for the rape conviction, and one year each for the gross sexual imposition convictions. The one-year prison sentences were concurrent with each other, but consecutive to the ten-year term. The judge also informed him that he was subject to five years of mandatory post-release control, although she failed to inform him of the specific provisions of that control mandated in R.C. 2929.19(B)(3).
Zimmerman's first assignment of error states:
 I. THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE MINIMUM SENTENCE FOR THE DEFENDANT, WHO IS A FIRST OFFENDER, AND FAILING TO MAKE A FINDING ON THE RECORD THAT WOULD REBUT THE PRESUMPTION OF A MINIMUM PRISON TERM.
There is no dispute that the judge failed to consider imposing the minimum sentence under R.C. 2929.14(B) before finding he had committed one of the worst forms of the offense and imposing the maximum prison term under R.C. 2929.14(C). The only question is whether she was required to do so. In State v. DeAmiches,[1] this court found that R.C. 2929.14(B) and State v. Edmonson[2] created a presumption of minimum sentencing for those who had not previously served a prison term, and that the presumption must be acknowledged and afforded to those offenders before a judge could impose any other sentence, including imposition of the maximum sentence under R.C. 2929.14(C). In State v. Berry,[3] however, another panel ruled otherwise, finding that R.C. 2929.14(B) expressly excludes maximum sentences under R.C. 2929.14(C) from those requiring a presumption of minimum sentencing, despite the fact that Edmonson admits of no such exception, and in fact reversed the imposition of a maximum sentence because the judge failed to first consider imposing the minimum.[4]
R.C. 2901.04(A) states that statutes defining both offenses and penalties shall be strictly construed against the State and liberally construed in favor of the accused. Using this maxim, as well as Edmonson as our guides, we find that a worst form of the offense finding does not allow a judge to impose the maximum sentence on one who has not previously served a prison term, unless the judge has first considered and rejected the principles set forth in R.C. 2929.14(B). Even if a judge finds that a defendant committed the worst form of the offense, he is not then required to impose the maximum sentence — on proper consideration, he might conclude that a lesser sentence will adequately punish one who has never before served a prison term, while reserving the maximum for those worst form offenders who have also spent time in prison before.
While R.C. 2929.14(B) excludes those situations listed in R.C. 2929.14(C) where maximum sentences are mandatory, the General Assembly's intent to limit first-time prison sentences must be considered before a judge makes a discretionary worst form finding in order to impose the maximum term. The statute does not exclude this consideration from discretionary findings, but presupposes it; there should be no dispute that, at least as a practical matter, a judge could not find an offender posed the greatest likelihood of committing future crimes under R.C. 2929.14(C) without first considering how his first-offender status affected that determination. Similarly, as noted supra, first-offender status can affect a judge's decision to make a worst form finding, or to find instead that a minimum sentence would demean the seriousness of the offender's conduct under R.C. 2929.14(B) and impose some sentence between the minimum and the maximum. The first assignment of error is sustained.
The second assignment states:
 II. THE COURT ERRED BY ORDERING THE DEFENDANT TO SERVE CONSECUTIVE SENTENCES WITHOUT STATING ON THE RECORD ITS REASONS FOR MAKING THE REQUIRED FINDINGS.
Since our disposition of the first assignment of error requires resentencing, this assignment of error is moot.[5]
Sentence vacated and remanded for resentencing.
It is ordered that the appellant recover from the appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., CONCUR; PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY.
[1] (Mar. 1, 2001), Cuyahoga App. No. 77609, unreported.
[2] (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
[3] (June 14, 2001), Cuyahoga App. No. 78187, unreported.
[4] Edmonson, 86 Ohio St.3d at 327-28, 715 N.E.2d at 134-35.
[5] App.R. 12(A)(1)(c).